**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                                                    **No. 2:14-cr-2868 RB**

**ANA LINDA LOPEZ,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Provide Copy of the PSR, filed on April 17, 2015. (Doc. 152.) The motion states that Defendant has requested that a copy of her presentence report ("PSR") be provided to her while she is in custody at the Otero County Detention Center. (*Id.*) The Government opposes this Motion. (Docs. 154 and 155.) Having considered the submissions of counsel and relevant law, the Court **DENIES** this motion.

**I.     Background**

The Indictment charged Defendant and five Co-Defendants with conspiracy to possess with intent to distribute heroin and methamphetamine, in violation of 21 U.S.C. § 846. (Doc. 101). Defendant pleaded guilty pursuant to a plea agreement on August 25, 2014. (Doc. 116). In the plea agreement, Defendant admitted to participating in a conspiracy to smuggle heroin, methamphetamine, and suboxone pills into the Otero County Prison Facility. (*Id.*) All Co-Defendants have pleaded guilty, but none have been sentenced.

**II.    Discussion**

PSRs are not public records. *United States v. Wayne*, 591 F.3d 1326, 1334 n. 7 (10th Cir. 2010) (*citing* Fed. R. Crim. P. 32(c)(1)(A), (e)(2) (authorizing release of PSR to the Court, the

defendant, the defendant's attorney, and the government's attorney)). Generally, PSRs are kept confidential and "courts have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals." *United States DOJ v. Julian*, 486 U.S. 1, 12 (1988) (emphasis in original) (addressing whether a defendant's PSR was subject to release to the defendant himself under the Freedom of Information Act).

This reluctance is reflected in the Local Rules for the District of New Mexico, which provide "the presentence report is a confidential record of the United States District Court. It must not be disclosed to anyone other than the Court, the defendant, the defendant's attorney, and the attorney for the government unless required by law or ordered by the Court. Copies of the report must not be made except when necessary to carry out this rule." D.N.M.LR-Cr 32.B. Similarly, the United States Probation Office includes a cover sheet on all PSRs released to defendants and defense counsel that states: "The presentence report is a confidential record of the United States District Court and shall not be disclosed to anyone other than the Court, defendant, defendant's counsel, and the attorney for the government. Further, copies of the report shall not be made by mechanical means or copied verbatim in writing."

In this case, disclosure of the PSR to Defendant is not the issue. The PSR has been disclosed to Defendant and her attorney. The issue is whether a copy of the PSR should be given to Defendant while she is in pretrial detention. Such a scenario is problematic because the copy of the PSR could fall into the possession of third parties.

In *Julian*, the Supreme Court identified two concerns regarding the release of PSRs: (1) "the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report" and (2) "the need to protect the confidentiality of the information contained in the report." *Id.* "Accordingly, the

courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report." *Id.*

PSR confidentiality derives from judicial practice reflecting "powerful policy considerations" supporting a presumption against disclosure. *United States v. Iqbal*, 684 F.3d 507, 510 (5th Cir. 2012). Indeed, the Bureau of Prisons prohibits inmates from obtaining or possessing photocopies of their PSRs. *See* BOP Policy 1351.05. The purpose of this prohibition is to protect inmates from being coerced by other inmates to produce their PSRs for illicit purposes. *Id.* The BOP has documented an emerging problem where inmates pressure other inmates for a copy of their PSRs to learn if they are informants, gang members, or have financial resources. *Id.* The BOP Policy 1351.05 does not apply at the Otero County Detention Center. However, the underlying considerations are germane to pretrial detention. The PSR contains information about Defendant, the Co-Defendants, and the conspiracy to smuggle contraband into a detention center located in Otero County. A Co-Defendant worked as a correctional officer. Under these circumstances, the information in the PSR is particularly sensitive.

**III. Conclusion**

The PSR has been disclosed to Defendant and her attorney. Defendant may meet with her attorney and review all aspects of the PSR as envisioned by Rule 32(e)(2). Defendant has not shown any reason why she needs a copy of the PSR while she is in custody at the Otero County Detention Center. Defendant has not shown how she would prevent the copy from falling into the wrong hands. In that Defendant has not made such showings, the motion will be denied.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**